Brevard, J.,
inclined at first to overrule the demurrer upon this Consideration, that as the defence set up was, in itself, a good equitable defence, and was capable of proof in the ordinary course of proceedings in courts of law; and as the relief was such as a *5 court of law might give, without breaking through any rule of practice, or introducing any novelty as to form-ot the proceedings; that a court of law might entertain the plea, and allow the same to he proved ; and that notwithstanding relief in such cases has usually been sought for in equity, yet that it may have been necessary, in order to es’ablish the facts necessary to be proved, to entitle the party.to relief; and also, in order to obtain a i effectual reliet, such relief as a court of law is unable to afford, in respect to the manner and extent thereof, being incompatible with the practice or forms of proceedings in courts of law. But, finally, he sustained the demurrer, as the defence appeared to be a novelty in our courts, and as no report of any determination in a court of law could bo found to support it. '
The court at Columbia, refused to hear argument to support the motion to reverse the decision of the District Couri — all the judges present, 27th November, 1805 — consequently the demurrer was held good, and the pleas set aside, and judgment for the plaintiff was affirmed. See 10 East. 34. The Trant Navigation v. Harley, an equitable defence of a security pleaded, and held not to be an estoppel. See Kirb 103, 397. See Cooper’s Justinian, 462, in the notes, and the cases referred to.